# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

BRIAN ISIAH HOLMES, JR.      :    Case No. 2:23-cv-3147
                     :
       Plaintiff,             :
                     :
                     :    District Judge Sarah D. Morrison
vs.                      :    Magistrate Judge Peter B. Silvain, Jr.
                     :
OHIO DEPARTMENT OF       :
REHABILITATION AND CORRECTION,       :
                     :
       Defendant.         :

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chillicothe Correctional Institute, in Chillicothe, Ohio, commenced this *pro se* civil rights action under 42 U.S.C. § 1983[1] against the Ohio Department of Rehabilitation and Correction (ODRC) for allegedly violating his constitutional rights. (Doc. 1-1, at PageID 18). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.

---

[1]"Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.

In his complaint, plaintiff alleges that changes to the ODRC's mail policies have led to violations of his rights under the First and Sixth Amendments of the United States Constitution. (*See* Doc. 1-1, at PageID 18-22). For relief, plaintiff seeks monetary damages and injunctive relief. (*Id.*, at PageID 24-25).

3

Although plaintiff names the ODRC as the sole defendant, the ODRC is not an entity capable of being sued, and plaintiff's complaint should be dismissed. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. *Parker v. Michigan Dept. of Corrections*, 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam) (affirming screening dismissal of complaint to the extent it "fail[ed] to state a plausible claim for relief against the [state] Department of Correction or the prison"); *Good v. Ohio Dep't of Rehab. & Corr.*, No. 1:15cv190, 2015 WL 2452444, at *1, *3 (S.D. Ohio May 21, 2015) (Dlott, J.; Bowman, M.J.) (and cases cited therein) (dismissing complaint against the ODRC at the screening stage on the ground that the ODRC "is not a 'person' or legal entity that may be sued under § 1983"); *McGlone v. Warren Corr. Inst.*, No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that the complaint against the ODRC and an Ohio prison was subject to dismissal at the screening stage because "neither the state prison facility nor the state corrections department is an entity that is capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.). Moreover, to the extent that the plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against a state agency defendant. *See, e.g., Wingo*, 499 F. App'x at 454; *Good, supra*, 2015 WL 2452444, at *3 (and cases cited therein); *McGlone, supra*, 2013 WL 1563265, at *3 (citing *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989)). Therefore, the complaint should be dismissed as to the ODRC.

4

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as to the ODRC. However, it is further **RECOMMENDED** that plaintiff be granted leave to amend his complaint to rectify this deficiency. In his amended complaint, plaintiff should name as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").

III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** plaintiff's complaint against the ODRC but **GRANT** plaintiff leave to file, within twenty-eight (28) days of any Court Order adopting this Report and Recommendation, an amended complaint naming the proper defendant(s).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex*

5

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO RECOMMENDED.**

October 17, 2023                                    *s/Peter B. Silvain, Jr.*
                                                     PETER B. SILVAIN, JR.
                                                     United States Magistrate Judge