# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| BRIAN ISIAH HOLMES, JR. | : | Case No. 2:23-cv-3147 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Amended Complaint (Doc. 6). Plaintiff, a prisoner at the Chillicothe Correctional Institute (CCI), initially filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction (ODRC) for allegedly violating his constitutional rights. (Doc. 3).

On October 17, 2023, the undersigned filed an initial screening Report and Recommendation that recommended dismissing Plaintiff's Complaint for failure to state a claim upon which relief could be granted. (Doc. 4). The undersigned found that the sole Defendant—the ODRC—was not proper a party under § 1983. (*Id.*, at PageID 92). However, the undersigned recommended that Plaintiff be granted leave to file an amended complaint to rectify the identified deficiency. (*Id.*, at PageID 93). On November 3, 2023, the District Court adopted in full the October 17, 2023 Report and Recommendation. (Doc. 7).

In the meantime, on November 2, 2023, Plaintiff filed an amended pleading. (Doc. 6). Plaintiff's Amended Complaint supersedes Plaintiff's earlier filed complaint and is the operative

complaint in this case. (*See* Doc. 7, at PageID 129). *See also Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)); *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

This matter is now before the undersigned for initial screening of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of the Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

## Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his complaint. 28 U.S.C. §§ 1915A(a), 1915(e)(2).

The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in the plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**Amended Complaint**

Plaintiff brings this action against Annette Chambers-Smith, Director of the ODRC, and two CCI employees, Lt. Ashley Marsh and A. Spaniol. Plaintiff's allegations are set forth in two counts:

In Count One, Plaintiff alleges that, on August 8, 2023, Defendants Marsh and Spaniol improperly processed legal mail that he received from his defense attorney, in violation of the First and Sixth Amendments to the United States Constitution and ODRC policy. (Doc. 6, at PageID 100-01).

In Count Two, Plaintiff alleges that ODRC's legal-mail policies violate, and have led to violations of, his rights under the First and Sixth Amendments. (*Id.*, at PageID 100-02).

Plaintiff seeks monetary and injunctive relief. (*Id.* at PageID 104-05).

## Analysis

At this stage of the proceedings, without the benefit of an answer or other briefing, the undersigned concludes that Plaintiff may proceed at this juncture for further development with Count Two's claims against Defendant Chambers-Smith based on Plaintiff's allegations of unlawful ODRC policies.[1] However, the remaining claims should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

As an initial matter, Plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that Plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*,

---

[1] However, the Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is Defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

4

605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages.

Next, a § 1983 claim cannot be based on a violation of ODRC policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Thus, to the extent Plaintiff alleges that Defendants violated ODRC policy, such a claim should be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983").

Finally, Count One should be dismissed in its entirety. Plaintiff alleges that Defendants Marsh and Spaniol improperly opened his legal mail on a single occasion in August 2023. These allegations are insufficient to state a claim upon which relief may be granted. An isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude. *See Okoro v. Scibana*, 63 F. App'x. 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of alleged interference with the plaintiff's mail] is insufficient to establish a constitutional violation."); *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, *2 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with [the plaintiff's] mail did not violate

5

his constitutional rights."). *See also Whiting v. Washington Twp.*, No. 3:19CV1707, 2020 WL 1481449, at *5 (N.D. Ohio Mar. 23, 2020) (citing *Okoro* and other cases). Accordingly, Count One is subject to dismissal.

### IT IS THEREFORE ORDERED THAT:

1. Count Two's claims against Defendant Chambers-Smith under the First and Sixth Amendments may proceed to further development at this time based on Plaintiff's allegations of unlawful ODRC policies.

2. Plaintiff, however, has not yet provided to the Court the required service documents for Defendant Chambers-Smith. Plaintiff is **ORDERED** to provide a completed summons and U.S. Marshal form for Defendant Chambers-Smith so that service of process can be accomplished. The documents must be submitted **within thirty (30) days** of the date of this Order. The **CLERK OF COURT** is **DIRECTED** to send a summons form and a U.S. Marshal form to Plaintiff for this purpose.

3. Plaintiff is **ORDERED** to keep this Court informed of his current addresses, and promptly file a Notice of New Address if he is released or transferred.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** the following remaining claims **with prejudice** for failure to state a claim upon which relief can be granted:
    A. All claims for monetary damages against Defendants in their official capacities;
    B. Any § 1983 claim based on violations of ODRC policy; and
    C. Count One of the Amended Complaint in its entirety.
    *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


November 30, 2023                                        *s/Peter B. Silvain, Jr.*
                                                                           PETER B. SILVAIN, JR.
                                                                           United States Magistrate Judge