UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRIAN ISIAH HOLMES, JR., | : | Case No. 2:23-cv-3147 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | : | |
| Defendants. | : | |

## ORDER and REPORT AND RECOMMENDATION[1]

This matter is presently before the Court upon Defendant's Motion to Dismiss (Doc. #17), Plaintiff's "Motion to Object to Defendants Motion to Dismiss" (Doc. #21),[2] Defendant's Reply (Doc. #22), Plaintiff's Final Motion in Support of Objection of Motion to Dismiss (Doc. #23), and Defendant's Motion to Strike Doc. 23 (Doc. #24).

## I.  BACKGROUND

On November 30, 2023, *pro se* Plaintiff filed an Amended Complaint against Defendants Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction (ODRC), as well as Lt. Ashley Marsh and A. Spaniol, two employees at the Chillicothe Correctional Institute (CCI). (Doc. #6). Plaintiff alleged that ODRC's mail policy is unconstitutional because it treats legal mail without a valid control number as regular, non-legal mail. (Doc. #6, *PageID* #100). Upon initial review of the Amended Complaint, the undersigned

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Plaintiff's "Motion to Object to Defendants Motion to Dismiss" (Doc. #21) was not titled as a "response," but it functionally served as a response to Defendant's Motion to Dismiss and is treated as such for purposes of this Report and Recommendation.

recommended that Plaintiff's claims against Defendant Marsh and Spaniol be dismissed and that Plaintiff's claims against Defendant Chambers-Smith under the First and Sixth Amendments be permitted to proceed. (Doc. #8). On January 16, 2024, Chief District Judge Morrison adopted the Report and Recommendations. (Doc. #11).

On March 18, 2024, Defendant filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. #17). Defendant also filed a Motion to Strike, requesting that the Court strike Plaintiff's "Final Motion in Support of Objection of Motion to Dismiss ….". (Doc. #23).

## II.    DISCUSSION

### A.    Motion to Dismiss

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserting that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). Indeed, defendants bear the burden of proof on the affirmative defense of exhaustion. *Napier v. Laurel County, Ky.,* 636 F.3d 218, 225 (6th Cir. 2011); *Jones,* 549 U.S. at 216.

Moreover, the PLRA's exhaustion requirement is not jurisdictional. *Woodford v. Ngo,* 548 U.S. 81, 101, 126 S.Ct. 2378 (2006); *see also Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (The exhaustion "requirement is mandatory but not jurisdictional . . . ."); *McKnight v. Gates*, 282

F. App'x 394, 397 n. 2 (6th Cir. 2008) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393-98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Mitchell v. Chapman,* 343 F.3d 811, 819-20 (6th Cir. 2003) (failure to exhaust administrative remedies "is not a jurisdictional bar, but rather [exhaustion is] a condition precedent to an action in federal court."). Therefore, contrary to Defendant's argument, failure to exhaust does not deprive this Court of subject-matter jurisdiction.[3] Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.

    **B.**    **Motion to Strike**

Defendant moves to strike Plaintiff's "Final Motion in Support of Objection of Motion to Dismiss …" (Doc. #23), which Defendant construes as a sur-reply, because Plaintiff did not seek leave to file a sur-reply to Defendant's Motion to Dismiss. (Doc. #24). Plaintiff did not respond to Defendant's Motion, and the time for doing so has expired.

Pursuant to S.D. Ohio R. 7.2(a)(2), sur-reply memoranda are not permitted "except upon leave of court for good cause shown." In this case, Plaintiff has not requested leave of Court or shown good cause for his failure to do so. Accordingly, Defendant's Motion to Strike (Doc. #24) is hereby **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's Motion to Dismiss (Doc. #17) be **DENIED**.

---

[3] The undersigned has not considered converting Defendant's Motion to Dismiss to one for summary judgment because although Federal Rule of Civil Procedure 12(d) provides for the conversion of a motion pursuant to Rule 12(b)(6) or 12(c) to one for summary judgment under Rule 56 when the Court is presented with matters outside the pleadings, Rule 12(d) does not provide for such a conversion for a motion under Rule 12(b)(1). Fed. R. Civ. P. 12(d).

**IT IS THEREFORE ORDERED THAT:**

Defendant's Motion to Strike (Doc. #24) be **GRANTED**.

<u>December 16, 2024</u>  <u>*s/Peter B. Silvain, Jr.*</u>
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).