UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRIAN ISIAH HOLMES, JR., | : | Case No. 2:23-cv-3147 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | : | |
| Defendants. | : | |

## ORDER and REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Defendant's Request to Lift Stay and Set Scheduling Order (Doc. #27) and Plaintiff's Motions for Summary Judgment (Doc. #s 12, 16).

In February 2024, Plaintiff filed his first Motion for Summary Judgment. (Doc. #12). In his Motion, Plaintiff sought summary judgment against Defendant Annette Chambers-Smith on his claim related to the Ohio Department of Rehabilitation and Correction's legal mail policy. *Id.* He filed his second Motion for Summary Judgment—again requesting relief on his legal mail policy claim—in March 2024. (Doc. #16). Shortly after Plaintiff filed his second Motion, Defendant filed a Motion to Dismiss. (Doc. #17). Defendant also filed a motion requesting that the Court stay her response deadline to Plaintiff's Motions until the Court ruled on her Motion to Dismiss. (Doc. #18). The Court granted Defendant's request and indicated that a new response deadline would be set after the Court ruled on Defendant's Motion to Dismiss. (Doc. #20).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

On December 16, 2024, the undersigned recommended that Defendant's Motion to Dismiss be denied. (Doc. #24). One week later, Plaintiff filed a third Motion for Summary Judgment. (Doc. #26). His third Motion is identical to his second Motion. (Doc. #s 16, 26). On January 7, 2025, Defendant filed a motion requesting that the Court lift the stay and allow Defendant thirty (30) days to respond to Plaintiff's Motions. (Doc. #27). Chief District Judge Morrison adopted the undersigned's Report and Recommendations on January 8, 2025. (Doc. #28).

Given the similarities between Plaintiff's three Motions for Summary Judgment, and to ensure that both the parties and the Court are addressing one Motion, the undersigned recommends that Plaintiff's first and second Motions for Summary Judgment (Doc. #s 12, 16) be **DENIED** as duplicative.

In light of the undersigned's recommendation, Defendant's Request to Lift Stay and Set Scheduling Order (Doc. #27) is **DENIED**. However, the undersigned will extend Defendant's response deadline to Plaintiff's third Motion for Summary Judgment (Doc. #26) to February 10, 2025. Plaintiff's reply is due fourteen (14) days after Defendant's response is filed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's first and second Motions for Summary Judgment (Doc. #s 12, 16) be **DENIED** as duplicative.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Request to Lift Stay and Set Scheduling Order (Doc. #27) is **DENIED**;

2. Defendant's response to Plaintiff's third Motion for Summary Judgment (Doc. #26) is due on or before February 10, 2025; and

3. Plaintiff's reply is due fourteen (14) days after Defendant's response is filed.

January 10, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).